O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **RAYMOND GONZALES, JR.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CAROLYN W. COLVIN,**[1]<br>**Acting Commissioner of Social Security,**<br><br>**Defendant.** | ) | **NO. EDCV 12-00372-MAN**<br><br>**MEMORANDUM OPINION**<br><br>**AND ORDER** |

Plaintiff filed a Complaint on March 20, 2012, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for a period of disability ("POD"), disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On April 24, 2012, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on November 15, 2012, in which: plaintiff seeks an order reversing the Commissioner's

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013, and is substituted in place of former Commissioner Michael J. Astrue as the defendant in this action. (*See* Fed. R. Civ. P. 25(d).)

decision and awarding benefits or, alternatively, remanding for further administrative proceedings; and the Commissioner requests that her decision be affirmed.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On August 13, 2008, plaintiff filed an application for SSI. (Administrative Record ("A.R.") 11.) On August 15, 2008, plaintiff filed an application for POD and DIB. (*Id.*) In the disability report accompanying his application, plaintiff alleged an inability to work since March 1, 2006, due to "[m]ultiple fracture[s of the] left leg, back, arthritis, dislocated disc, left ankle, anxiety, [and] hear[ing] voices." (A.R. 226.) At the reconsideration level, plaintiff additionally alleged that he suffers from severe back and leg pain, and that his hepatitis C is causing "severe fatigue." (A.R. 261.)

The Commissioner denied plaintiff's claim initially and upon reconsideration. (A.R. 84-86, 121-25, 131-36.) On March 31, 2010, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Mason D. Harrell, Jr. (the "ALJ"). (A.R. 55-79.) On June 2, 2010, a supplemental hearing was held, at which plaintiff, who was again represented by counsel, testified before the same ALJ. (A.R. 28-54.) Michael E. Kania, Ph.D., a medical expert in psychology, and Samuel Landau, M.D., a medical expert in internal medicine, testified. (A.R. 11, 28-54.) A vocational expert, Corinne J. Porter, also testified. (*Id.*)

On May 13, 2011, the ALJ denied plaintiff's claim (A.R. 11-24), and

the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-3). That decision is now at issue in this action.

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff last met the insured status requirements of the Social Security Act on December 31, 2008, and he had not engaged in substantial gainful activity since his alleged onset date of March 1, 2006. (A.R. 14.) The ALJ determined that plaintiff has the severe impairments of: "fracture deformity of the left ankle; chronic low back strain; obesity; hepatitis C infection; depressive disorder, not otherwise specified (NOS): psychosis disorder, NOS; and opioid drug abuse." (A.R. 14.) Nevertheless, the ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(c), 416.920(d)). (*Id.*)

After reviewing the record, the ALJ determined that, if plaintiff stopped his substance use,[2] he would have the residual functional capacity ("RFC") to perform "light work," consisting of the following:

> [He] could lift and carry 20 pounds occasionally and 10 pounds frequently. He could stand and walk for 15-30 minutes at a

[2] The ALJ also determined that when plaintiff is using drugs he: (1) cannot perform work at any exertional level on a consistent and sustained basis; (2) is unable to engage in an 8-hour work day or 40-hour work week without an unreasonable amount of time away from work due to intoxication and erratic behavior caused by drug usage; and (3) is unable to perform any past relevant work. (A.R. 15, 22.)

> time for a total of 2 hours out of an 8-hour work day. He can use a cane on an as needed basis. He should avoid uneven surfaces. He can sit for 8 hours out of an 8-hour work day with normal breaks such as every 2 hours and with a provision to elevate his left leg 6 inches above the floor level as needed. He can occasionally stoop and bend. He cannot squat, kneel, crawl, run, or jump. He can climb stairs, but he cannot climb ladders, work at heights, or balance. He cannot operate motorized equipment or work around unprotected machinery. His mental impairment limits him to simple, repetitive tasks. He can deal with the public but he cannot perform complex tasks.

(A.R. 17.)

The ALJ found that plaintiff would be unable to perform his past relevant work ("PRW") as a barber. (A.R. 22.) However, based upon plaintiff's age, education, work experience, and RFC, the ALJ found that other jobs exist in the national economy that plaintiff could perform, including "electronic worker" and "small items assembler of hospital products." (A.R. 23.) The ALJ concluded that plaintiff's substance abuse was a "contributing factor" to the determination of disability, because if he stopped his substance abuse, he would not be disabled and could perform jobs in the national economy. (A.R. 23-24.) Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, since March 1, 2006, his alleged onset date, through the date of this decision. (A.R. 24.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not

affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff alleges the following two issues: (1) whether the ALJ properly considered plaintiff's pain testimony; and (2) whether the ALJ properly considered plaintiff's credibility. (Joint Stipulation ("Joint Stip.") at 4.) The Court addresses these two issues together, as they are interrelated. For the reasons set forth below, the Court concludes that the ALJ set forth clear and convincing reasons for finding plaintiff's testimony regarding his subjective symptoms and pain to be not credible.

Once a disability claimant produces objective medical evidence of an underlying impairment that is reasonably likely to be the source of claimant's subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence

thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883. The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *See* Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

Here, the ALJ found that "[a]fter careful consideration of the evidence . . . [plaintiff]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 18.) Further, the ALJ cited no evidence of malingering by plaintiff. Nonetheless, the ALJ concluded that plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible" to the extent they varied from the ALJ's own RFC assessment. (*Id.*) Accordingly, the ALJ's reasons for finding that plaintiff was not credible with respect to his subjective symptom and pain testimony must be "clear and convincing."

During the March 31, 2010 hearing, plaintiff testified that he is unable to work due to: severe pain in his leg and back; depression; his issues being around people; his tattoos; and his age. (A.R. 60-62, 69.) He also testified that he uses a cane everyday (A.R. 71), experiences pain in his hip, neck, and arms (A.R. 71), and takes Oxycontin for his

pain (A.R. 68). Plaintiff testified that he is unable to see a doctor, because he has no money and no medical insurance. (A.R. 70.) Plaintiff has Hepatitis C, but he has never been treated for it. (A.R. 72.) He hears voices nearly every day, because he ran out of his medication for the "voices." (A.R. 72.) He feels suicidal and has trouble with his concentration. (A.R. 73-74.) Plaintiff testified that he could sit up to 20 minutes and stand up to 10 minutes. (A.R. 75.) He stated that he has to lay down all day and would not be able to do a job that required being around people. (*Id.*) As discussed below, the ALJ offered several clear and convincing reasons for rejecting plaintiff's pain and symptoms testimony.

First, the ALJ noted that the objective medical evidence did not support the level of disability alleged by plaintiff. (A.R. 21.) Although the lack of objective medicine cannot be the sole basis for rejecting a plaintiff's credibility, "it is a factor that the ALJ can consider in his credibility analysis." Burch, 400 F.3d at 681.

Next, the ALJ premised his finding, in part, on plaintiff's drug-seeking behavior, which itself can constitute "a clear and convincing reason to discount a claimant's credibility about pain." (A.R. 21; A.R. 49 - medical expert noting that there was evidence in the record suggesting "drug-seeking" behavior; A.R. 276, 283, 351.) *See* Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001)(holding that evidence of drug-seeking behavior undermines a claimant's credibility); Gray v. Comm'r of Soc. Sec., 365 Fed. Appx. 60, 63 (9th Cir. 2010) (evidence of drug-seeking behavior is a valid reason for finding a claimant not credible); Lewis v. Astrue, 238 Fed. Appx. 300, 302 (9th

Cir. 2007)(inconsistency with the medical evidence and drug-seeking behavior sufficient to discount credibility); Morton v. Astrue, 232 Fed. Appx. 718, 719 (9th Cir. 2007)(drug-seeking behavior is a valid reason for questioning a claimant's credibility). Indeed, plaintiff seeks out and manages to obtain Oxycontin prescriptions on an ongoing basis, notwithstanding the fact, noted in the ALJ's decision, that in June 2009, emergency room personnel diagnosed him with not only heroin abuse but also Oxycontin abuse. (A.R. 20.) Thus, in view of plaintiff's history of polysubstance abuse, his drug-seeking behavior supports the ALJ's finding that plaintiff's description of his pain and symptoms was not wholly credible.

The ALJ also noted that plaintiff understated his drug use, particularly as there is no evidence in the record that plaintiff has gone "extensive periods without opioid and occasional amphetamine abuse."[3] (A.R. 21.) At the March 2010 hearing, for example, plaintiff testified that he last used drugs two years prior, *i.e.*, in early 2008. (A.R. 62-63.) However, evidence in the record reflects that plaintiff was still abusing drugs as late as August 2009. (A.R. 377-79.) An ALJ may consider a claimant's inconsistent statements regarding his drug or alcohol use in discrediting a claimant's credibility. *See* Thomas, 278

---

[3] A review of the record reveals that Plaintiff has a long history of drug abuse, which may be ongoing. For example, plaintiff tested positive for opiates and amphetamines on September 7, 2006, and March 19, 2007. (A.R. 20.) In August 2008, plaintiff admitted to a long history of heroin abuse. (*Id.*) Further, plaintiff admitted to using heroin during his emergency room visits in June and August 2009. (*Id.*) In fact, during both of those emergency room visits, attending personnel were unable to draw blood due to scarring from plaintiff's intravenous drug abuse (A.R. 20), and plaintiff refused to submit a urine sample, which the ALJ noted is "consistent with using heroin." (A.R. 19-20.)

F.3d at 959 (citing Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999)(relying on inconsistent statements about alcohol use to reject a claimant's testimony)).

Finally, the ALJ discredited plaintiff, because his mental impairments were exacerbated by his medical non-compliance and drug abuse. (A.R. 21.) An ALJ may rely on "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" to assess a claimant's credibility. Fair v. Bowen, 885 F.2d at 603. Plaintiff testified that non-compliance with his psychiatric medication caused him to hear voices more often. (A.R. 72.) He testified that he was non-compliant, because he had run out of his medication. However, he apparently ran out of his medication, because he was dropped from a mental health or drug abuse program after missing two meetings.[4] (A.R. 44-45, 72-73; Montalvo v. Astrue, 237 Fed. Appx. 259, 262 (9th Cir. 2007)(finding that plaintiff's failure to comply with certain aspects of her treatment plan was a clear and convincing reason to reject her testimony); Flaten v. Sec'y of Health & Hum. Servs., 44 F.3d 1453, 1464 (9th Cir.1995)(finding it appropriate for the ALJ to discount plaintiff's credibility because of a lack of medical care during a period of claimed disability).)

Accordingly, the ALJ satisfied his burden of providing clear and

[4] Notably, while plaintiff is non-compliant with his psychiatric medication, he does manage to obtain Oxycontin, which plaintiff testified is "expensive," "once a month or every two months, whenever [plaintiff] has the money to go see [his doctor]." (A.R. 68.) Moreover, plaintiff's admission that he sees his doctor regularly for Oxycontin contradicts his testimony, noted *supra*, that he cannot see doctors, because he has no medical insurance or money. (A.R. 70.)

convincing reasons for concluding that plaintiff's statements concerning his symptoms and limitations were not credible to the extent they were inconsistent with his RFC assessment.

**CONCLUSION**

For the foregoing reasons, the Court finds that the Commissioner's decision is supported by substantial evidence and is free from material legal error. Neither reversal of the Commissioner's decision nor remand is warranted. Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration and dismissing this case with prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 5, 2013

Margaret A. Nagle

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE